IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Derm McGainey, *Director Sumter Lee County Detention Center*; and Chief David Thomas, *Federal Bureau of Investigation*,<br><br>　　　　　Defendants.<br>_____ | C/A No. 0:11-362-JFA-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

　　　　The plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at Sumter Lee County Detention Center ("SLCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

　　　　This is the fourth case filed by Plaintiff in this court since 2002 containing somewhat disjointed complaints about the FBI and CIA being "after him" and threatening him. He states in this case that the problems he has been writing about in the past while living in Sumter, South Carolina are continuing while he is currently incarcerated at the detention center. He claims that internal monitoring devices were placed inside him at the time of his birth and that this is how the FBI and CIA track him. He claims that his life is in danger because the FBI Chief (Defendant Thomas) and other agents keep telling him to "please leave" and "I don't like you and I'm going to kill you." He claims that he is experiencing physical sickness as a result of the threats and that the nurse at the detention center

knows about his problems; however, he does not allege that his sicknesses are being ignored by those in charge of the detention center. Finally, he complains that $42,000.00 in "restitution" payments were stolen from him outside of the detention center. He does not allege that either of the named defendants had any involvement in the theft. Plaintiff seeks "restitution relief, privacy and protection and be release from internal machine and be not publicly disturb through applaince technologe communication talking" [*sic*].

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's Complaint should be summarily dismissed as frivolous because it is well settled that "the use of vile and abusive language is never a basis for a civil rights action." Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); see Northington v. Jackson, 973F.2d 1518, 1524 (10th Cir. 1992) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Emmons v. McLaughlin, 874 F. 2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Batista v. Rodriguez, 702 F.2d 393, 398 (2d Cir. 1983); Sluys v. Gribetz, 842 F. Supp. 764, 765 n.1 (S.D.N.Y. 1994). Verbal abuse of a prisoner is not actionable under § 1983. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Boston v. Stanton, 450 F. Supp. 1049 (W.D. Mo.1978) (same).

Plaintiff complains that Defendant Thomas has told him to "leave" and has said that he is tired of dealing with Plaintiff and wants him dead, etc. He claims that such threats are making him sick. However, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); Henslee v. Lewis, 153 Fed. Appx. 178, 180 (4th Cir. 2005) (same; affirming *sua sponte* dismissal of claim based on threats); see also Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999); Aleem-X v. Westcott, 347 Fed. Appx. 731, 732 (3d Cir. Oct. 9, 2009)

(*sua sponte* dismissal affirmed). Accordingly, Plaintiff's Complaint against Defendant Thomas is frivolous.

Additionally, although Plaintiff alleges that Defendant McGainey is in charge of everything that happens at the Sumter-Lee Detention Center, Plaintiff makes no allegations of personal wrongdoing against this defendant. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Mere knowledge is not sufficient to establish personal participation. Id. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Because Plaintiff has made no allegation of any personal involvement by Defendant McGainey, Plaintiff's claims against him fail.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in this case be dismissed without issuance and service of process due to frivolousness. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979); Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since the Complaint filed in this case clearly is frivolous, delusional, and repetitious, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, the court also recommends that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).

*(signature)*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 21, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).